UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

NANETTE ABAO,

    Plaintiff,

v.

MARIA QUINN AND PAUL QUINN,

    Defendants.
_____/

Case No.  2:25-cv-00111

Hon.  Robert J. Jonker
U.S. District Judge

**REPORT AND RECOMMENDATION**

**I.  Introduction**

This Report and Recommendation (R. & R.) addresses Plaintiff's motion for summary judgment (ECF No. 3) and Defendants' motion to dismiss (ECF No. 12).

Plaintiff Nanette Abao filed this petition under the Hague Convention and the International Child Abduction Remedies Act (ICARA), 22 U.S.C. § 9001 *et seq.*, seeking an order to return her minor son Z.C. to her in The Philippines. Four previous petitions have been denied in this Court. *Cunningham v. Quinn*, No. 20-cv-129 (W.D. Mich. Aug. 12, 2020); *Cunningham v. Quinn*, No. 2:21-cv-158 (W.D. Mich. July 14, 2021) *aff'd* No. 22-1279, 2022 WL 19918537 (6th Cir. Nov. 7, 2022); *Abao v. Quinn*, No. 2:21-cv-177 (W.D. Mich. Aug. 5, 2021); No. 2:24-cv-117 (W.D. Mich. Aug. 4, 2021) *aff'd* 24-1898 (6th Cir. April 29, 2025).

On May 21, 2025, Nanette Abao filed this ICARA petition seeking the return of her son Z.C. to her home in The Philippines. (ECF No. 1.) Z.C. was removed from his father in 2014, after his father was arrested at an Ohio airport on a sex offense warrant involving a minor. *Cunningham*, 2022 WL 19918537 at * 1.  An

Ohio court awarded custody to the Defendants, Cunningham's sister and brother-in-law. *Id.* Z.C.'s father is currently serving sentences on convictions involving the kidnapping of his son. *Id.*

Abao filed a one-page motion for summary judgment arguing that the Sixth Circuit's 2022 opinion entitles her to judgment because she has now signed the petition. Defendants filed a motion to dismiss arguing that "legal custody of the child at issue was fully and finally adjudicated by the Franklin County Ohio Court of Common Pleas." (ECF No. 12, PageID.58.) However, because both motions fall short, it is respectfully recommended that the Court deny both motions based upon the Sixth Circuit's prior opinions in the related cases.

## II. Motion Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Put differently, if plaintiffs do "not nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Those factual allegations "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (internal citations omitted). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so

long as they are referred to in the Complaint and are central to the claims contained therein." *Id*.

### III. Analysis

Plaintiff's and Defendants' motions both fail to fully address the Sixth Circuit's opinion in *Cunningham* 2022 WL 19918537. First, as to Plaintiff Abao's argument that she is entitled to summary judgment, her motion fails to show that no genuine issue of material fact exists entitling her to judgment. The Sixth Circuit stated:

> The ICARA is a codification of the Hague Convention on the Civil Aspects of International Child Abduction. In administering the ICARA, courts are to determine whether the child has been wrongfully removed from his place of habitual residence and are not to determine custody. Hague Convention, Art. 19; 22 U.S.C. § 9001(b)(4). The Hague Convention prohibits the removal of a child, in breach of the rights of custody, from "the State in which the child was habitually resident immediately before the removal." Hague Convention, Art. 3. **To obtain relief "[u]nder the ICARA, a petitioner seeking the return of a child under the Hague Convention must prove by a preponderance of evidence that the child was wrongfully retained or removed from [his] habitual residence."** *Ahmed v. Ahmed*, 867 F.3d 682, 686 (6th Cir. 2017).
>
> Here, in dismissing Cunningham's petition for failure to state a claim, the district court made findings that arguably implicate affirmative defenses relating to return of a child under the ICARA and the Hague Convention that are available to the party opposing the petition. *See* Hague Convention, Art. 13; 22 U.S.C. § 9003(e)(2); *cf. Baxter v. Baxter*, 423 F.3d 363, 371 (3d Cir. 2005) (holding that, even if the parent consented to the removal of the child, the respondent's retention of the child would violate the Hague Convention if such retention breached the terms and conditions of the consent) (collecting cases); *Friedrich v. Friedrich*, 78 F.3d 1060, 1067 (6th Cir. 1996) (stating that the defendant has the burden to prove that "the proceeding was commenced more than one year after the removal of the child and the child has become settled in his or her new environment"); *see also Walker v. Walker*, 701 F.3d 1110, 1123 (7th Cir. 2012) (stating that a court has discretion to order the return of the child "even if it finds that the parent opposing the petition has established that one of the [affirmative defenses] applies").

> District courts should not sua sponte raise affirmative defenses when screening a complaint under § 1915(e)(2). *Jones v. Bock*, 549 U.S. 199, 216 (2007).

*Id.*, at *2–3 (emphasis added). Abao has not attempted to establish by a preponderance of evidence that Z.C. was wrongfully retained or removed from his habitual residence. Moreover, as stated by the Sixth Circuit, affirmative defenses exist. In the opinion of the undersigned, Abao is not entitled to summary judgment because she has failed to show that no genuine issue of material fact exists.

Similarly, Defendants' motion to dismiss necessarily fails. The Sixth Circuit stated:

> Moreover, the Ohio court's award of custody of Z.C. to the Quinns did not, as the district court suggested, bar Cunningham's Hague Convention petition. *See* Hague Convention, Art. 17; *Holder v. Holder*, 305 F.3d 854, 865 (9th Cir. 2002).

*Id.*, at *3.

Contrary to Defendants motion to dismiss, this is not simply a state court child custody issue. Rather this case requires a "fact-intensive inquiry involved in adjudicating the Hague Convention's affirmative defenses." *Id.* The parties have failed to address any of these issues in their pleadings.

### IV. Recommendation

It is respectfully recommended that the Court deny Plaintiff's motion for summary judgment and deny Defendants' motion to dismiss.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C);

Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:    October 20, 2025                                  /s/ *Maarten Vermaat*
                                                                                   MAARTEN VERMAAT
                                                                                  U.S. MAGISTRATE JUDGE